## In re WEST.

(Circuit Court of Appeals, Second Circuit.  May 7, 1901.)

### No. 145.

BANKRUPTCY—INVOLUNTARY PROCEEDINGS—BURDEN OF PROOF AS TO INSOLVEN-
CY.
    Under Bankr. Act 1898, § 3, where a petition in involuntary bank-
    ruptcy is based on subdivision 1 of the section, alleging a transfer of
    property with intent to hinder and delay creditors, the solvency of the
    alleged bankrupt is a matter of defense, and the petitioners need not
    prove insolvency.

Appeal from the District Court of the United States for the South-
ern District of New York.

This is an appeal from a judgment of the district court of the
United States for the Southern district of New York, whereby, upon
a proceeding in involuntary bankruptcy at the instance of a suffi-
cient number of creditors, James West was adjudged bankrupt.
The Trenton Oil-Cloth & Linoleum Company, an attaching creditor,
answered and defended against the petition.

E. P. Lyon, for appellant.

I. Gainsburg, for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge.  The act of bankruptcy which was
most specifically stated in the involuntary petition was alleged as
follows:

"On or about the 28th day of August, 1900, the said James West conveyed,
transferred, and disposed of all of his said stock of goods, or a portion
thereof, to or by way of certain auctioneers, having their place of business
in Worth street, borough of Manhattan, New York City, for a sum much less
than the costs or value thereof, with the purpose and intent to hinder, delay,
and defraud his creditors, and to prevent them from participating in his
estate and assets in accordance with the provisions of said act of congress."

It was proved that West was a carpet dealer in Hudson street,
in New York City, and on the morning of the day on which the
goods were removed he told two of his employés, on their way to his
store and a few doors therefrom, to "get their tools and get out."
This was the first notice of a proposed change.  They went to the
store, and found men inside and trucks outside, into which the en-
tire stock of goods was being removed, and in which it was carted
away to an auction store, where it was soon after sold for $4,000;
and the money was paid to West, who transferred some real estate,
mostly in the neighborhood of Peekskill, to his brother, upon a parol
trust for the creditors of James West, and disappeared.  The op-
posing creditor offered no testimony on the subject of West's sol-
vency.  From the testimony it sufficiently appears that the alleged
bankrupt, without previous notice to his brother, with whom he
seems to have been intimate, or to his employés, removed his stock
of goods to an auction store, where they were sold; that he received
and kept the avails, and conveyed, without consideration, his real
estate to his brother, with instructions to hold it in trust for his

creditors; and that he thereupon left his wife and children and disappeared. There was testimony to show that the stock was sold for much less than its value. His conduct conclusively shows an intent to hinder and delay his creditors, and the act of bankruptcy was clearly proved.

Two objections are urged against the validity of the decree, the first being that the petitioners did not prove the insolvency of West. It is not necessary for the petitioning creditors to prove the insolvency of the bankrupt, when the alleged act of bankruptcy is that contained in subdivision 1 of section 3, which is, in substance, the conveyance of property with intent to delay or hinder his creditors; for by paragraph "c", of the same section solvency at the time of filing the petition is made a defense to proceedings in bankruptcy instituted under subdivision 1, and the burden of proving solvency is on the bankrupt. This burden devolved upon the opposing creditor. The construction of the provision of section 3 in regard to the necessary allegations and the defenses in a petition in involuntary bankruptcy was examined by the supreme court in West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098. The only approach to the subject of solvency which the opposing creditors made was upon the cross-examination of the brother of James West, and resulted in nothing.

The second objection is of a jurisdictional character,—that, while the averments in the petition were sufficient, there was no proof that the unsecured claims of the petitioning creditors amounted to $500. The attorneys for the respective parties stipulated in writing that the petitioners and answering creditor are, and each was at the time of the commencement of this proceeding, creditors of James West, but the stipulation was silent in regard to the amount of their claims. It was undoubtedly supposed by the district judge, from the silence of the parties, that no question was to be made on this subject; but the question is now made, apparently for the first time, that, while the answer compels the petitioners to make proof of an indebtedness, the stipulation does not admit the requisite amount. There is a technical defect, resulting from the omission in the stipulation; and the judgment must be reversed, and the case must be remanded to the district court, with liberty to that court to take, upon a proper application for that purpose, new proofs upon the subject of the amount of the petitioners' unsecured claims, and, if the requisite amount is proved, to reinstate the decree. The decree of the district court is reversed, without costs, and the case is remanded to that court, with liberty to take further proceedings and receive new proofs in accordance with the foregoing opinion.