## YOUTSEY v. NISWONGER.

(Circuit Court of Appeals, Sixth Circuit. November 6, 1918.)

No. 3202.

1. APPEAL AND ERROR ⬥⟿792—DISMISSAL—NECESSITY FOR MOTION.

The Circuit Court of Appeals will, on its own motion, dismiss an appeal, where it appears that it was not taken in time.

2. BANKRUPTCY ⬥⟿461—APPEAL—TIME FOR TAKING.

While an appeal, under Bankruptcy Act, § 25a (Comp. St. § 9609), providing for appeals in bankruptcy proceedings, must be taken within the 10 days permitted, an appeal under section 24a (section 9608) relating to appeals in controversies arising in bankruptcy, may be taken at any time within 6 months.

3. BANKRUPTCY ⬥⟿440—CONTROVERSY IN BANKRUPTCY—WHAT IS.

Proceedings on motion by bankrupt after discharge to reopen estate on the theory that his interest in land had improperly been scheduled as life estate, instead of fee-simple estate, etc., held not to present a controversy arising in bankruptcy, appealable under Bankruptcy Act, § 24a (Comp. St. § 9608), but to be reviewable by petition to revise, under section 24b; it appearing that proceeding was of the most summary character.

4. WILLS ⬥⟿442—CONSTRUCTION—INTENTION OF TESTATOR.

The clearly expressed intention on the part of testator as to interest devised should govern, unless forbidden by law.

5. WILLS ⬥⟿607(1)—CONSTRUCTION—INTEREST DEVISED—ESTATES TAIL.

Where an Ohio testator devised lands to his children for their natural life, directing that on their death the property should go to the heirs of their body, but if any should die without leaving heirs of their body the lands, subject to the rights of curtesy or dower of the spouses of such children, should revert back and be divided equally between those living or their heirs per stirpes, held, under Gen. Code Ohio, §§ 8622, 10578, that a son of testator did not take an estate in fee, but his estate ended with his life and his issue took in fee simple.

6. WILLS ⬥⟿629—CONSTRUCTION IN FAVOR OF VESTING OF ESTATES.

The laws favor the vesting of estates, and they will be regarded as so vesting at the death of the testator, unless a contrary intention appears.

Appeal from the District Court of the United States, for the Southern District of Ohio; Howard C. Hollister, Judge.

Petition by William H. Youtsey to reopen bankruptcy proceedings after his discharge and settlement of the estate, against George Niswonger, trustee in bankruptcy. From an order denying the petition, petitioner appeals. Affirmed.

Alexander R. Hawthorne, of Troy, Ohio, for appellant.

F. C. Goodrich and Wm. H. Gilbert, both of Troy, Ohio, for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

KNAPPEN, Circuit Judge. Petitioner was in the year 1913 adjudged bankrupt on his voluntary petition. He scheduled in connection therewith his real estate as a "fee-tail estate" in a quarter section of land in Miami county, Ohio, "for life only," and "subject to an in-

choate right of dower" in his wife; also subject to a lease, not here important.

Bankrupt's interest in the land was derived under the will of his father, who died in 1882. By that will the testator in terms gave a farm to each of his five children; each of four of them, including the bankrupt, being required to pay to the testator's widow a certain sum yearly during her life, in lieu of her dower rights in the several tracts of land. Then followed the express provision that the "devises to the several devisees as named are to be to them for their natural lives. And on their decease to go to the heirs of their bodies, and if any die leaving no heirs of their bodies, then their devise to revert back (subject to right of curtesy or dower as the case may be) and as hereafter provided, and be divided equally between those living or their heirs per stirpes." The foregoing provision was immediately explained by the testator as meaning "although the fee to the several tracts of land by me devised to my several children does not vest in them, but in the heirs of their bodies, that the wives and the husbands of said children herein named, now married or that may hereafter marry, shall have the same interest of dower or curtesy, as though the fee had vested in my said sons and daughters. Except if any die without heirs of their bodies, then to revert as above provided by me in this my will." Testator's wife died in the year 1907; bankrupt having meanwhile made to her the annual money payments required by the will. When bankruptcy occurred, bankrupt had a wife and two living adult children, each of whom was the parent of living children.

The bankrupt's estate, so scheduled, was sold in the course of bankruptcy administration to one of the bankrupt's sons, and the sale duly confirmed. The son thereupon conveyed to his mother an estate in the land for her life; she also claiming an inchoate dower interest under the will, as the bankrupt's wife.

The bankrupt was discharged in the year 1914. In the year 1917, and after the estate had been distributed and closed, the bankrupt petitioned the District Court to open up the case, on the ground that his interest in the land had by mistake been scheduled as a life estate instead of a fee-simple estate, whereby his unsecured creditors received nothing, whereas the fee-simple estate was worth more than enough to pay creditors in full. He asked that his "trustee carry out his trust as provided by act of Congress," etc. Notice of the motion was given by the bankrupt to the son named, as well as to the bankrupt's wife, and the two were heard in opposition to the motion, although they otherwise made no appearance or intervention. Judge Hollister, who presided below, held that the bankrupt had but a life estate, and that he properly so scheduled his interest. The motion to reopen the case, which was also recited in the court's opinion as one to set aside the discharge in bankruptcy, was denied. This appeal is from that denial.

The bankrupt's son and wife were not made parties to the appeal by service of citation or otherwise, and have not been heard in this court, except as they presented their view of the merits in connection with their motion to dismiss the appeal, on the grounds, first, that it came too late, and, second, that the order was not appealable.

258 F.—2

[1-3] Whether or not they are entitled to make this motion is unimportant, for it would be our duty to dismiss the appeal on our own motion in case it did not lie or was not taken in time. If the appeal is to be regarded as the motion treats it, as taken under section 25a (Act July 1, 1898, c. 541, 30 Stat. 553 [Comp. St. § 9609]), it would have to be dismissed for the reason that it was not taken within 10 days, even if it could be thought to fall within that section. The appeal was, however, in time if it comes under section 24a, relating to "controversies arising in bankruptcy"—such appeals being permitted within six months. In re Gold (C. C. A. 7) 210 Fed. 410, 414, 127 C. C. A. 142. An ultimate controversy as to the title of the land, duly instituted as between the bankrupt estate and adverse claimants, would doubtless be a "controversy" within section 24a. But such controversy was not ultimately submitted. While the denial of the motion was based upon an adverse construction of the bankrupt's claimed title, such decision was incidental to the denial of the motion to reopen. Had administration been reopened upon the court's conception that the bankrupt owned an estate in fee simple, the reopening of administration would not have been an adjudication in the trustee's favor or against adverse claimants. It would still have been necessary to an adjudication that further proceedings be instituted to test the title, with opportunity to all adversely interested to be heard, including, at least, the other son of the bankrupt and perhaps other contingent heirs. Indeed, the bankrupt's son and wife, who were heard in opposition to the motion to reopen, were evidently notified of the hearing, not as claimants of the fee, but only as purchasers of the life estate; and, as already said, even the purchasers were not made parties to this appeal. The motion to reopen was a proceeding of the most summary character, not even accompanied by possession on the part of the estate of the property in question. It would seem a strained construction to hold this proceeding, so far as it had gone, as of a plenary character, or more than merely a step in the course of administration. If of the latter character, it was reviewable by petition to revise, under section 24b (Comp. St. § 9608). In re Jacobs (C. C. A. 6) 241 Fed. 620, 154 C. C. A. 378; Barnes v. Pampel (C. C. A. 6) 192 Fed. 525, 113 C. C. A. 81—remedies under sections 24a and 24b being mutually exclusive. Barnes v. Pampel, supra. We prefer, however, not to base our disposition of the case upon the nonappealability of the order below, for we think the bankrupt's claim of title on which the motion below was based is without merit.

[4-6] An intention on the part of the testator that the bankrupt should take only an estate which should end with his life, and that thereupon it should pass to the bankrupt's heirs, is expressed as plainly as language can well state it; and it is a commonplace that the testator's intent, when clearly shown, must govern, unless the result is forbidden by law. It is not so forbidden.

In the matter of Andrew S. Youtsey, Bankrupt (D. C.) 260 Fed. 423, 15 Ohio Law Rep. 125, Judge Sater considered the title to a farm derived by Andrew, a brother of the present bankrupt, likewise under the father's will in question, and held that the testator did not create

a fee tail, but a life estate in Andrew, with vested remainder in his children. Judge Hollister applied this view to the present bankrupt's title. In the Andrew Youtsey Case it was necessary to define the actual estate held by Andrew on account of certain conveyances and transactions by parties interested in the estate remaining after the termination of the bankrupt's estate. Such considerations do not exist here. For the purposes of the case before us it is immaterial whether the devise was, in legal definition, to the bankrupt for life and after his death to his heirs in fee (subject only to the provision for dower by the bankrupt's wife), or whether of a fee tail, passing after the bankrupt's death to the heirs of his body instead of to his heirs generally; for, as applied to the first contingency, the Ohio statute (G. C. § 10578) provides that "the conveyance shall vest an estate for life only in such first taker, and a remainder in fee simple in his heirs"; and as to the other contingency, it is declared with equal plainness (G. C. § 8622) that "all estates given in tail shall be and remain an absolute estate in fee simple to the issue of the first donee in tail." Thus, in either contingency, the bankrupt's estate ended with his life. This result is not affected by the construction placed by the Ohio courts upon section 8622, by which the children of the bankrupt (if he is a donee in tail) took no estate in the land which they could alienate during their father's lifetime. Dungan v. Kline, 81 Ohio St. 371, 90 N. E. 938. Nor, treating the estate in question as one in fee tail, is it important whether the bankrupt's interest as first donee was technically a mere life estate or a tenancy for life of an entailed fee. See Harkness v. Corning, 24 Ohio St. 416, 426, and following; Dungan v. Kline, supra, 81 Ohio St. 371, 382, 90 N. E. 938 and following. Regardless of legal terminology, his estate ends with his life, he is without power to convey an interest which will continue thereafter, and his issue take in fee simple. Pollock v. Speidel, 17 Ohio St. 439; Harkness v. Corning, supra; Dungan v. Kline, supra. The dower right given to the bankrupt's wife seems, under the Ohio statutes to be consistent with an estate in fee tail. Harkness v. Corning, supra, 24 Ohio St. 416, 429.

The argument in support of the bankrupt's contention that under his father's will he took a fee-simple estate seems to be that the testator intended to pass the entire title to some one, that the will speaks from the testator's death, that at that time neither of the bankrupt's sons were living and there were thus no heirs of the bankrupt's body, and that therefore the entire estate vested in him as the first donee.

This contention seems to us completely answered, first, by the fact that the language of the will plainly excludes the notion that the "heirs" of the bankrupt's body who were in the testator's mind were merely' those who might be in existence at the latter's death; and, second, by section 8622 of the General Code, which, after declaring that "no estate in fee simple, fee tail or any lesser estate in lands or tenements, lying within this state, shall be given or granted, by deed or will, to any person or persons but such as are in being," adds, "or to the immediate issue or descendants of such as are in being at the time of making such deed or will; and all estates given in tail shall be and remain an absolute estate in fee simple to the issue of the first donee in tail." We

are not cited to, nor have we found, any decisions of the courts of Ohio or elsewhere tending to sustain appellant's contention, in the face of the statute just cited. The authorities are otherwise.

The rule that the law favors the vesting of estates, and that they will be regarded as so vesting at the death of the testator unless a contrary intent appears, has upon this record little, if any, application. There is no point in the argument that the testamentary provision in question violates the rule against perpetuities. Gen. Code Ohio, § 8622; Turley v. Turley, 11 Ohio St. 173; Dungan v. Kline, supra; In re Andrew S. Youtsey, Bankrupt, supra, 14 Ohio Law Rep. at page 129.

In view of what we have said, it is not very material whether the appeal is dismissed or the order below affirmed. Our disposition will take the latter form.