McNUTT v. FIDELITY & DEPOSIT CO. OF MARYLAND et al.

(Circuit Court of Appeals, First Circuit. November 24, 1923.)

No. 1669.

1. **Bankruptcy ⬤89(1)—Answer to involuntary petition held not to put in issue status of petitioners as creditors.**

An answer of an alleged bankrupt to an involuntary petition denying insolvency and the commission of any act of bankruptcy does not put in issue the status of petitioners as unsecured creditors.

2. **Pleading ⬤115—Answer denying certain allegations not construed as general denial.**

An answer denying certain allegations of a petition will not be construed as a general denial of all its allegations.

3. **Bankruptcy ⬤95, 467—Recommitting report to master for incorporation of evidence held discretionary with District Court.**

Where no application was made to the court or master, requesting that the evidence be reported, until the hearing on the question of adjudication, about three months after the date of the order sending the case to the

---
⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

master was entered, it was discretionary with the District Court whether it would recommit the report for that purpose, and, in the absence of proof of an abuse of discretion, no question is presented for review.

Appeal from the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

In the matter of Robert R. McNutt, bankrupt. From a decree adjudging the named party a bankrupt on the petition of Fidelity & Deposit Company of Maryland and others, and denying his motion to recommit the report to the master (291 Fed. 925), he appeals. Affirmed.

Leo J. Dunn, of Boston, Mass. (Henry W. Beal, of Boston, Mass., on the brief), for appellant.

Henry H. Davis, of Boston, Mass., for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the District Court for Massachusetts adjudging the appellant a bankrupt and denying his motion to recommit the report of the master.

[1] An involuntary petition was filed December 22, 1922, seeking to have one Robert R. McNutt decreed a bankrupt. In the petition it was alleged that McNutt, for the greater portion of six months next preceding the date of the filing of the petition, had his principal place of business at Boston, in the county of Suffolk, state and district of Massachusetts, and owed debts to the amount of $1,000; that the petitioners were creditors of McNutt, having provable claims amounting in the aggregate, in excess of securities held by them, to the sum of $500; that the nature and amount of their claims were as follows: Fidelity & Deposit Company of Maryland, premium on bond, $182.03; Hixon Electric Company, amount due on execution, $267.15; J. A. Ordway, F. S. Blodgett, and E. J. Bartlett, as they are trustees under Tyler Street Trust, due on written contract, $7,000.

In the petition it also was alleged that McNutt was insolvent and within four months next preceding the date of the petition had committed an act of bankruptcy in that he had, on the 14th day of December, 1922, while insolvent, executed and delivered to the Beacon Trust Company a mortgage of a portion of his property with intent to prefer such creditor over his other creditors. There was an affidavit appended to the petition, in which the petitioners (the appellees) made oath to the statements contained in the petition.

On January 8, 1923, McNutt filed an answer, in which he denied that he had committed the act of bankruptcy set forth in the petition or that he was insolvent.

On February 8, 1923, one of the appellees, Charles Barron, intervened in said action and alleged that he was an unsecured creditor to the extent of $334, and on the same day the District Court referred the case to a master, to ascertain and report the facts raised by the pleadings.

Hearings were had before the master, at which counsel for the respondent appeared, introduced evidence, and argued the case; but the respondent failed to appear and produce his books. On April 11, 1923, the master filed his report, in which he found that the respondent was

insolvent at the date of the filing of the petition and on December 14, 1922, the date of the alleged preference. He further found that all the facts set forth in the original and intervening petitions were true. He did not report the evidence introduced at the hearings. The order of reference did not direct that he should.

On April 26, 1923, an order was entered for a hearing before the court on April 30, on the question of adjudication, and notice of the hearing was given on that date. At the hearing before the court on this question McNutt presented a motion to recommit the report to the master, with instructions to incorporate the evidence on which he based his findings. The parties having been heard as to these matters, they were taken under advisement, and on June 29 the court filed an opinion denying the respondent's motion to recommit, and on July 3, 1923, entered an order adjudicating him a bankrupt, from both of which orders or decrees this appeal was taken.

In the first two assignments of error the appellant questions the validity of the decree of adjudication on the ground that the court erred in ruling that the allegations of the petition—to the effect that the petitioners were unsecured creditors in the amount stated in the petition— were not denied in the answer, and therefore it was unnecessary for them to prove affirmatively that they were such. In support of these assignments appellant contends that the answer was in the form adopted by the Supreme Court of the United States, and that such answer was a general denial of all the allegations of the petition, although it only denied that McNutt committed the act of bankruptcy set forth in the petition and was insolvent. In support of his contention he relies upon In re West (Second Circuit) 108 Fed. 940, 48 C. C. A. 155.

[2] We do not regard that case as an authority for the position taken. That was an appeal from a decree of adjudication on an involuntary petition, to which an attaching creditor answered and defended. The terms of the answer are not set forth in the report of the case, but, in the opinion, it is stated that the answer is such as to compel the petitioners to make proof of the indebtedness due them, and that the stipulation, which the parties had filed, failed to show the requisite amount. It was, therefore, held that the decree should be reversed. As the answer in that case required the petitioners to make proof of the indebtedness due them, we regard the fact to have been that the answer denied that the petitioners were creditors in the amount stated, and, there being no proof as to that matter, the decree of adjudication was held bad. That case differs from the present one, for here the respondent's answer simply denies insolvency and the act of bankruptcy. An answer denying certain allegations of a petition will not be construed to be a general denial of all its allegations. The ruling of the court below was right. The appellant takes nothing by these assignments.

[3] The remaining assignments relate to the denial of the motion to recommit the report to the master, with instructions to incorporate the evidence offered at the hearings upon which his findings were based and report the same. It does not appear that at the time the order sending the case to the master was entered, or while it was pending be-

fore him, an application was made to the court or master requesting that the evidence be reported, or that any step looking in that direction was taken until the hearing on the question of adjudication was had. At that time nearly three months had elapsed since the case was sent to the master. Under the circumstances it was discretionary with the District Court whether it would recommit the report for this purpose, and, as there was no proof of an abuse of discretion, no question is presented for review. The appellant takes nothing by these assignments of error.

The decrees of the District Court are affirmed, without costs to the appellees.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes