## In re LEVIN et al.

(Circuit Court of Appeals, First Circuit.
October 26, 1926.)

No. 1999.

**1. Bankruptcy ⬤⟹444.**

Petition to revise orders in bankruptcy, filed within six months of entering of orders complained of, *held* seasonably brought.

**2. Bankruptcy ⬤⟹228.**

On bankrupt's petition for review of orders of referee, motion to recommit certificate of referee for purpose of having alleged agreed statement of fact reported verbatim, is addressed to discretion of District Judge.

**3. Bankruptcy ⬤⟹228—On petition for review of orders of referee, refusal to recommit referee's certificate for reporting of additional matter held not abuse of discretion (General Order No. 27).**

On petition for review of orders of referee, refusal to recommit certificate containing summary of evidence relating to questions certified under General Order No. 27, for the purpose of having an alleged agreed statement of fact reported verbatim, *held* not an abuse of discretion by District Judge.

**4. Bankruptcy ⬤⟹238.**

Bankrupt and his attorney of record, who was present at hearing, *held* to have had sufficient notice of hearing at which referee's order to produce sales book was entered.

**5. Bankruptcy ⬤⟹238.**

Bankrupt, ordered by referee to produce sales record book, *held* to have had sufficient opportunity before referee or District Judge to offer evidence with reference to disappearance of such book, in view of old rule 14 and rule 23 of Additional Rules in Bankruptcy.

**6. Bankruptcy ⬤⟹238.**

Where bankrupt's counsel was notified of petition for contempt, *held*, service of order of notice for bankrupt to show cause for failure to produce sales book, by leaving an attested copy of it at his last and usual place of abode in district, was sufficient.

**7. Bankruptcy ⬤⟹238.**

Proceeding for contempt for failure to produce book is an interlocutory proceeding in a bankruptcy case, and notice thereof to bankrupt's counsel of record is sufficient, under General Order No. 4.

**8. Bankruptcy ⬤⟹238.**

Evidence of bankrupt's possession and control of sales record book *held* sufficient to support order adjudging him in contempt for noncompliance with order to produce such book, in view of Bankruptcy Act, § 7 (Comp. St. § 9591), and General Order No. 12.

Petition to Revise Orders of the District Court of the United States for the District of Massachusetts.

In the matter of the bankruptcy of Max S. Levin and Isaac Glick. Petition by Max S. Levin and others to revise in matters of law three orders of the District Court. Decree of the District Court affirmed.

Joseph Jacobs (Pemberton Bldg.) of Boston, Mass. (Leo A. Rogers and Daniel Shea, both of Boston, Mass., on the brief), for petitioners.

Arthur E. Whittemore, of Boston, Mass. (Phipps, Durgin & Cook and Dunbar, Nutter & McClennen, all of Boston, Mass., on the brief), for respondent.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a bankruptcy proceeding, in which one of the bankrupt partners, Max S. Levin, through counsel, has petitioned this court to revise in matters of law three orders of the District Court: (1) An order affirming an order of the referee directing him to turn over to the trustee a sales book containing the only record of the firm's sales during the months preceding bankruptcy; (2) an order denying a motion of the bankrupt to recommit the referee's certificate on the bankrupt's petition for review, for the purpose of having the "agreed statement of facts" referred to in the certificate reported verbatim; and (3) an order adjudging Levin in contempt for failure to turn over the book and directing that a capias issue for his arrest.

[1] At the outset the trustee takes the position that the petition to revise should be dismissed on the ground that it was not seasonably brought. The record, however, discloses that the time that elapsed between the making of each of the orders and the bringing of the petition was less than six months. There is no rule of court in this circuit fixing the time within which a petition to revise shall be brought, and as early as 1900, in the case of In re Worcester County, 102 F. 808, 812, 42 C. C. A. 637, this court held that a petition for revision, under Bankruptcy Act 1898, § 24b (being Comp. St. § 9608) might be filed in the Circuit Court of Appeals at any time within six months from the ruling, order, or decree sought to be revised. This decision has recently been followed. In re Inter-City Trust (C. C. A.) 295 F. 495, 497. We are therefore of the opinion that, as the petition in question was filed within six months of the entering of the orders complained of, this objection cannot be sustained.

It appears from the record that on October 20, 1925, the trustee filed a petition with the referee to have the bankrupts turn over to him their books and made David Jacobs,

the common-law assignee of the bankrupts and in charge of their premises prior to the election of the trustee, also a respondent. At the hearing held on this petition, October 28, 1925, the referee ordered Levin to turn over the sales book in question. Thereupon Levin petitioned for review of the order on the ground that he had no notice of the hearing either personally or by counsel. In his certificate the referee states that the petition to turn over was set down for hearing October 28, 1925; that on October 21 the trustee sent to David W. Jacobs, the partner and brother of Joseph Jacobs, their place of business being at Pemberton Square, Boston, the following notice:

"David W. Jacobs, c/o Jacobs Bros., 20 Pemberton Sq., Room 907, Boston, Mass. Re United Carpet Mills, Bankrupt. Dear Sir: This is to notify you that we have marked for hearing on Wednesday, October 28th, at 10 a. m., before Referee Black, in the Federal Building, the trustee's petition that the bankrupts and the assignee for the benefit of creditors be ordered to turn over to the trustee the sale book, canceled checks, and other books and papers. Very truly yours,

"Dunbar, Nutter & McClennen."

It also appears in the certificate that Joseph Jacobs filed an appearance for the bankrupts September 25, 1925; that on October 28, 1925, David and Joseph appeared at the hearing; that counsel for the trustee made a statement of facts which had developed in the examination of Levin by the trustee on October 6; that David Jacobs, who apparently appeared on behalf of the bankrupt, gave his assent to the statement; that it appeared that a sales book, containing duplicate copies of original invoices, and containing the only records of recent sales made by the bankrupts, was missing; that the book was a large one, and that it was apparent that its disappearance must have been by design; that, while no satisfactory explanation of what had become of the book was given, David Jacobs was not responsible for its disappearance, and that the referee was satisfied that the bankrupt or somebody in his behalf was concealing it, and directed the trustee to prepare an order against Levin; that during the time the matters thus recounted were taking place Joseph Jacobs sat in the courtroom, but took no part in the proceedings; that on the following day, and before the order to turn over had been prepared, David, Joseph, and the trustee and his counsel again appeared before the referee; that, after settling the form of the

order, Joseph Jacobs moved that the order against Levin be vacated, on the ground that neither Levin nor he, as counsel, had received any notice of the hearing of October 28; that his motion was denied, and the petition to review taken; that thereafter, on December 24, 1925, counsel for Levin filed in the District Court a motion to recommit the certificate of the referee on the bankrupt's petition for review "for the purpose of having the alleged 'agreed statement of fact' reported verbatim," the attorneys for the bankrupt having given notice in writing on the previous day to counsel for the trustee of the motion, and that it would be called up for hearing on December 28, 1925, at 3 p. m.; that on December 28, 1925, the District Judge, after hearing counsel for the trustee and for Levin on the motion to recommit the certificate and on the question certified to the court by the referee, denied the motion to recommit, and affirmed the order of the referee directing Levin to turn over the book. These are two of the orders of which the bankrupt seeks revision.

[2, 3] It was discretionary with the District Judge whether, on the facts presented, he would recommit the certificate for the purpose asked. There was no legal objection to the certificate, for it contained a summary of the evidence relating to the question certified, as required by order XXVII of the General Orders in Bankruptcy. The situation indicated that the motion was instituted for the purpose of delay. As it was discretionary with the court whether it would recommit the report for the purpose requested and there was no abuse of discretion, no question for revision is presented as to this order. McNutt v. Fidelity & Deposit Co. (C. C. A.) 293 F. 367.

[4] As to the order of the District Court affirming the order of the referee, the complaint of Levin is that neither he nor his attorney of record, Joseph Jacobs, had notice of the hearing at which the order was made. This question was passed upon by the referee and the District Judge, and both were of the opinion that the bankrupt, through his attorney of record, had adequate notice. The facts reported support this conclusion. The bankrupt's attorney of record undoubtedly had notice of the hearing, for he was present at it and raised no objections to the statements made to the referee by counsel for the trustee and by his brother David as to the existence of the sales book and its disappearance, but sat mute until after the order to produce the book had been made and his brother David freed from any com-

plicity in its disappearance. When this had been done, he then moved to set aside the order on the ground that neither the bankrupt nor he had received notice of the hearing. We are satisfied that both the District Judge and the referee were right in finding adequate notice and denying the motion.

[5] The bankrupt now for the first time also complains that he had no opportunity, either before the referee or the District Judge, to offer evidence with reference to the disappearance of the book. This contention is without merit. He did not apply to the referee or the District Judge for leave to submit evidence, but relied wholly on the captious position that he had no notice and opportunity to be heard. Had he desired to introduce evidence on the question before the District Judge after it had been certified, he could have done so, had he applied in writing for that purpose, stating "in his application the substance of the additional evidence to be offered, and the reason for his failure to introduce it before the referee" as provided for by old rule 14 and new rule 23 of the Additional Rules in Bankruptcy of the District Court. Neither did he ask that the report be recommitted to the referee to take further evidence. Under the circumstances he cannot complain that he was deprived of an opportunity to present evidence.

It further appears that, the order to turn over the book having been affirmed by the District Judge on December 28, 1925, the trustee, on January 14, 1926, filed with the referee a petition for contempt, setting out the affirmation of the order directing Levin to turn over the book; that a reasonable time had elapsed since the making of the order, and that the book had not been turned over; that on January 15, 1926, the referee certified to the District Court that the trustee had filed a petition for contempt against Levin for failure to turn over the book, stating what had occurred in the proceeding and recommending that he be adjudged in contempt; that thereafter, on January 18, 1926, counsel for the trustee duly notified Levin's counsel of record that he should mark the trustee's petition for contempt for hearing on Monday, January 25, 1926, at 2 p. m., he having previously sent a copy of the petition to said attorneys; that on January 25, 1926, after hearing on the petition, an order of notice was issued ordering Max S. Levin to appear in the District Court at Boston, on Monday, February 1, 1926, at 2 o'clock in the afternoon, to show cause why he should not be adjudged in contempt; that

on January 27, 1926, the marshal sought to serve the order of notice upon Levin, but was unable to find him in the district, and on January 30, 1926, served the order of notice by leaving an attested copy at the last and usual place of abode of Levin in the district.

At the hearing in the District Court on February 1, 1926, counsel for the trustee and Joseph Jacobs, counsel for Levin, appeared, and after hearing the court found that Levin had failed to comply with the order to turn over the book, and adjudged him in contempt of court, "in that he is willfully, deliberately, and contemptuously disobeying the aforesaid order to turn over to the trustee the said book of account." This is the remaining order of the District Court which is sought to be revised.

As to this matter Levin complains (1) that the District Court erred in entering the order adjudging him "in contempt upon such inadequate and insufficient notices as appear of record"; and (2) that it erred in adjudging him "in contempt without hearing any evidence from some source that he has the record book, that his failure to turn it over is willful, and whether or not he is able to turn it over in accordance with the order."

[6, 7] We think the service of the order of notice on the petition for contempt and the certificate thereon was adequate. It was served upon the bankrupt at his last and usual place of abode, and three of Levin's counsel of record were fully notified of the hearing. They were present in the District Court on the 25th of January, and participated in fixing the time for the final hearing on the petition and certificate for contempt, and at the final hearing Joseph Jacobs was present. The proceeding for contempt was an interlocutory proceeding (Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 443, 445, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. [N. S.] 874), and, being a proceeding in a bankruptcy case, notice to counsel of record was adequate under General Order IV, as neither the act nor the General Orders required service on the party personally.

[8] Counsel for Levin further complains that there was no evidence before the District Judge at the contempt hearing upon which the order adjudging him in contempt could be based. This is clearly not so. (1) There was the prior decree of the court affirming the order of the referee to turn over the book, which embodied a finding that Levin had possession or absolute control of the book at the time the order was made;

(2) the record before the court showed that Levin, after the order of the referee to turn over the book was made, employed two additional counsel to appear before the court to have the order of the referee set aside and his report recommitted. From this it clearly appears that Levin knew of the order to turn over the book, and that this knowledge was the cause of his employment of additional counsel; and (3) it appears that Levin, with knowledge of the order outstanding against him, failed to turn over the book, failed to keep in touch with the court as the law required (Act 1898, § 7 [Comp. St. § 9591]; General Order in Bankruptcy XII) and as was his duty, absented himself from all the hearings before the court (though always represented by counsel), refrained from giving any explanation of his failure to comply with the order, and even concealed himself from the marshal. This surely was clear and convincing evidence that he had the possession or control of the book at the time the order was made, knew of the order of the referee long prior to its affirmation by the court, and willfully and contemptuously disobeyed it.

The decree of the District Court of February 1, 1926, is affirmed, with costs.