## YGLESIAS & CO., Inc., v. ENEGLOTARIA MEDICINE CO., Inc.

### No. 2931.

Circuit Court of Appeals, First Circuit.
Jan. 4, 1935.

For former opinion, see 73 F.(2d) 485.

Besosa & Besosa, of San Juan, P. R., for appellant.

Harry F. Besosa, of San Juan, P. R. (Albert C. Rothwell, of New York City, of counsel), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and LETTS, District Judge.

BINGHAM, Circuit Judge.

The petition for rehearing in this case must be denied.

The questions here sought to be reheard were fully considered and passed upon in our opinion of November 10, 1934. We do not regard the decision in Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889, as authorizing a different conclusion. In that case the trustee in bankruptcy of Wilbur Erskine, in May, 1922, brought a petition in the bankruptcy court against Taylor, trustee of the estate of the widow of Mr. Erskine. The proceeding involved a controversy in bankruptcy. The referee decided in favor of Taylor. The District Court affirmed the order of the referee and, within two months thereafter, Voss, the trustee in bankruptcy, filed in the Circuit Court of Appeals a petition for a revision of the order of the District Court in matter of law only, under section 24b of the Bankruptcy Act (11 USCA § 47 (b). Taylor moved to dismiss the petition on the ground that, as the proceeding was a controversy in bankruptcy, it could be reviewed only by appeal under section 24a (11 USCA § 47 (a). The Circuit Court of Appeals denied the motion, 1 F. (2d) 149, and the Supreme Court granted certiorari. As to this matter the Supreme Court held that section 24a gave the Court of Appeals jurisdiction over controversies arising in bankruptcy; that section 24b gave it jurisdiction to superintend and revise in matters of law proceedings in bankruptcy; that under section 24a the Court of Appeals could review both questions of law and fact, while under section 24b it could review only matters of law; that, as in the Voss petition to revise no facts were in dispute and only questions of law were sought to be reviewed, and the petition had been filed within two months after the entry of the order complained of, the Court of Appeals had jurisdiction to review the case and pass upon the questions of law; that the remedy for review of questions of law and fact by appeal under section 24a did not exclude the remedy by petition to revise in matter of law only, under section 24b, and the petition to revise, having been brought within two months, the Circuit Court of Appeals had jurisdiction.

In 1922 and down to February 13, 1925 (43 Stat. 940, § 8 (c), c. 229, 8 USCA § 230), appeals under section 24a could be taken at any time within six months (Youtsey v. Niswonger (C. C. A.) 258 F. 16) from the entry of the order or decree, and prior to February 13, 1925, a petition for revision under section 24b could be filed in the Court of Appeals within six months and not later; and after February 13, 1925, and down to May 27, 1926, within three months. In re Inter-City Trust (C. C. A. 1st Circuit) 295 F. 495, 496, 497 (decided January 31, 1924); In re Levin (C. C. A. 1st Circuit) 15 F.(2d) 3 (decided October 26, 1926); In re Worcester County (C. C. A. 1st Circuit) 102 F. 808 (decided April 20, 1900); Kenova Loan & Trust Co. v. Graham (C. C. A. 4th Circuit) 135 F. 717 (decided February 21, 1905); Blanchard v. Ammons (C. C. A. 9th Circuit) 183 F. 556, 558, 559 (decided December 5, 1910).

But May 27, 1926 (44 Stat. 664, § 9, c. 406, 11 USCA § 47 (c), an appeal under section 24a was required to be taken within thirty days after the judgment or order complained of; and a petition to revise, under section 24b, was abolished and the remedy provided in its place was an appeal to be allowed in the discretion of the appellate court, provided it was applied for within thirty days after the judgment or order complained of. So in this case the question is not whether questions of law arising in a controversy in bankruptcy may be reviewed under either section 24a or 24b, as it was in the Voss Case, but whether, as section 24b now stands, the District Court or the Court of Appeals has jurisdiction to allow an appeal in a proceeding in bankruptcy under that section, if application is made within thirty days. The statute answers the question. It is the Court of Appeals.

In the instant case no application was made to this court within thirty days or at any other time so that it could exercise its discretion in granting or denying an appeal, and, as pointed out in our opinion of November 10, 1934, if we could regard the appeal record of the District Court, when filed here, as an application for leave to appeal under section 24b, the appeal record was not filed in this court for more than thirty days after either of the orders sought to be reviewed was made, and was therefore too late. The case of Taylor v. Voss is not in conflict with the conclusion here reached. Nor is the decision in Gerstel v. Shaw (C.

C. A.) 71 F.(2d) 371, so far as the report of the case in 71 F.(2d) discloses, for, as there reported, if it was a mere proceeding in bankruptcy, it does not appear that the appeal record, treated as an application for leave to appeal, was not seasonably filed in the Circuit Court of Appeals; and if it was a controversy in bankruptcy, as it probably was, the appeal in fact taken in the District Court was seasonable, and the appellate court had jurisdiction. If it was a mere proceeding in bankruptcy and the appeal record from the District Court, if treated as an application to the Court of Appeals for leave to appeal, was in fact not filed in that court within thirty days of the order appealed from and that was the basis of the decision in the Gerstel Case, we decline to follow it.

Since May 27, 1926, an appeal under either section 24a or 24b must be applied for within thirty days and to the appropriate court.

The petition for rehearing is denied.